UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                              CRIMINAL NO. 3:22-CR-62-KHJ-FKB

BETTY BUTLER

ORDER

Before the Court is Defendant Betty Butler's [36] Motion to Suppress. For the following reasons, the Court denies the motion.

I.   Background

In August 2019, the Government began investigating a drug-trafficking organization responsible for distributing cocaine, crack-cocaine, opioids, and marijuana. Resp. Opp. Mot. Suppress [41] at 1. Marques Webb became a target of that investigation in 2021. *Id.*; Mot. Suppress [36] at 1. Webb's affiliates, including Butler, also became targets of the investigation subjected to intercepted telephone communications and home surveillance. [36] at 1; [41] at 1–2.

Based on information received from the wiretaps and surveillance, Drug Enforcement Agency ("DEA") Special Agent Robert Honnet submitted an Affidavit for a warrant to search Butler's home, along with another location, for evidence of the drug conspiracy. [36] at 1; [41] at 2; Aff. [45]. Honnet supplied at least 12 pages of facts supporting probable cause to believe Butler's home was a "stash house" for narcotics, currency, and other evidence of the conspiracy. [36] at 1–2; [41] at 2; [45]

¶ 4. Some of those facts included Agent Honnet's interpretation of "coded language" in the wiretapped conversations. [36] at 2; [45] ¶ 61.

Based on the Affidavit, the Court issued a search warrant on December 7, 2021. *See* Warrant [45-1]. The warrant listed Butler's home as the place to be searched and evidence of narcotics and money-laundering violations as the items to be seized. *Id.* at 2–3. When agents executed the warrant, they found a firearm in Butler's dresser drawer. [36] at 1. Having previously been convicted of a felony, Butler's possession of the firearm violated 18 U.S.C. § 922(g)(1) and 924(a)(2). *See* Indictment [3] at 1.

A grand jury indicted Butler on June 7, 2022. *Id.* Butler filed this [36] Motion to Suppress on March 2, 2023, arguing the Affidavit contained insufficient information to support probable cause. She asks the Court to suppress any evidence found during the search. [36] at 4. She also requests a suppression hearing.

II.    Standard

The Fourth Amendment protects "persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. Generally, a search or seizure is "reasonable" only if the government previously obtained a warrant based on probable cause. *Id.* If the government collects evidence in violation of the Fourth Amendment, the exclusionary rule generally suppresses that evidence to deter future law-enforcement misconduct. *United States v. Ganzer*, 922 F.3d 579, 584 (5th Cir. 2019) (citing *Davis v. United States*, 564 U.S. 229, 231 (2011)). And if the government obtains more evidence derived from that violation,

the Court may also exclude that evidence under the "fruit of the poisonous tree" doctrine. *United States v. Rivas*, 157 F.3d 364, 368 (5th Cir. 1998) (citing *Wong Sun v. United States*, 371 U.S. 471, 484 (1963)). But "[w]hen law-enforcement officers seize evidence through objectively reasonable reliance on a search warrant, the Fourth Amendment does not require [suppression]." *United States v. Huerra*, 884 F.3d 511, 515 (5th Cir. 2018) (citing *United States v. Cherna*, 184 F.3d 403, 406–07 (5th Cir. 1999) (citing *United States v. Leon*, 468 U.S. 897, 922 (1984)).

"This Court generally decides motions in criminal cases without an evidentiary hearing." *United States v. Randall*, 3:15-CR-75, 2016 WL 7177708, at *2 (S.D. Miss. Dec. 8, 2016) (citing L.U. Crim. R. 47(F)(1)). But it may order a hearing "upon written request… regarding the *need* for a hearing." *Id.* (quoting L.U. Crim. R. 47(F)(1)).

III.   Analysis

Butler argues the search warrant was defective. [36] at 2. She primarily argues Agent Honnet's subjective interpretations of the "coded language" fall short of the probable cause necessary to justify the warrant. *Id.* at 3. The Government argues the experienced interpretations—along with all other information in the Affidavit—supported probable cause to search Butler's home and justified the warrant. [41] at 3.

When a motion to suppress challenges warrant validity, "the Court engages a in a two-part inquiry: (1) whether the good-faith exception to the exclusionary rule applies and (2) whether the warrant was supported by probable cause." *United*

3

*States v. Coleman*, 540 F. Supp. 3d 596, 604 (S.D. Miss. 2021) (quoting *United States v. Laury*, 985 F.2d 1293, 1311 (5th Cir. 1993)) (reviewing motion to suppress arguing affidavit supporting warrant was bare bones). "Principles of judicial restraint and precedent dictate that, in most cases, the court should not reach the probable cause issue if a decision on the admissibility of the evidence under the good-faith exception of *Leon* will resolve the matter." *Id.* (quoting *United States v. Craig*, 861 F.2d 818, 820 (5th Cir. 1988)).

Butler challenges both the warrant as defective and the underlying probable cause as insufficient. Specifically, she argues Agent Honnet's code-language interpretation is unreliable. [36] at 3. She also argues the Affidavit is bare bones and that reliance on it would not be reasonable. *See id.* Because Butler challenges information in the Affidavit as unreliable, the Court cannot resolve the motion on the good-faith exception. *See Coleman*, 540 F. Supp. 3d at 603, 605–609 (noting judicial-restraint principle but discussing whether confidential informant established probable cause because defendant challenged affidavit's reliability).

The Court first turns to Butler's broad argument that the warrant was defective. A bare-bones affidavit "contain[s] wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *Id.* at 604 (quoting *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992)). "The Court makes the 'bare bones' determination by evaluating the totality of the circumstances." *Id.* at 605 (citing *United States v. Robinson*, 741 F.3d 588, 597 (5th Cir. 2014)).

4

The Affidavit is reliable for two reasons. First, the Affidavit contains sufficient information without the code-language interpretation to support probable cause to search Butler's home. The Affidavit contains multiple pages of facts and specific details establishing probable cause to search Butler's residence: (1) Webb's transportation of currency to Butler's residence, (2) storage of narcotics and currency at Butler's residence, (3) Butler's nickname in Webb's operation, "Big Momma," (4) Webb's scheduled meetings with Butler and other affiliates, (5) use of Butler's telephone number in operation-related calls, and (6) surveillance of Butler with another affiliate in possession of "a white bag containing an undermined amount of unknown square[-]shaped items." *See* [45] at 28–41. The Affidavit contains ample facts other than the code-language interpretations that give rise to probable cause.

The second reason the Affidavit is reliable addresses Butler's specific argument that code-language interpretation is per se unreliable. Although this Court has not expressly decided whether an affiant's interpretation of code language is sufficiently reliable for probable cause, other courts have generally held it does. *See United States v. Cancelmo*, 64 F.3d 804, 808 (2d Cir. 1995) (citing cases and holding narcotics-code interpretation supports probable cause); *United States v. Davis*, No. 2:12-CR-87, 2013 WL 322122, at *5–6 (M.D. Ala. Jan. 10, 2013) (citing cases and rejecting defendant's argument that affiant unreliably interpreted wiretap conversations as drug-activity code); *United States v. Bailey*, 15-CR-6082,

5

2016 WL 6995067, at *19 (W.D.N.Y. Nov. 29, 2016) (finding affiant's interpretations of code language reasonable and corroborated by surveillance).

Butler does not specify which interpretations are unreliable. And to the extent that she argues all interpretations are unreliable, she cites no authority supporting her position. Notably, Agent Honnet corroborated some of his code-language interpretation with physical surveillance of Webb traveling to Butler's residence and of Butler with another affiliate at her home. [45] at 29, 39–41; see *Bailey*, 2016 WL 6995067, at *19. For those reasons, the Affidavit is far from bare bones, and Agent Honnet's code-language interpretations are reasonable.[1]

IV.   Conclusion

The Court has considered all arguments. Those it does not address would not have changed the outcome. For the reasons stated, the Court DENIES Defendant Betty Butler's [36] Motion to Suppress.

SO ORDERED, this the 28th day of March, 2023

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE

---

[1] Because the parties' briefing and the evidence supplied the Court with sufficient information to decide these issues, the Court denies Butler's request for a hearing. See *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983) (holding courts need only grant evidentiary hearings "when necessary to receive evidence on an issue of fact"); *United States v. Moore*, No. 94-50133, 1994 WL 612393, at *1 (5th Cir. Oct. 21, 1994) (per curiam) (noting court's discretion to deny hearing); see also *United States v. Alfaro*, 3:14-CR-97, 2014 WL 12670487, at *1 (S.D. Miss. Dec. 4, 2014) (denying hearing where no factual dispute involved in whether defendant consented to a search), aff'd, 638 F. App'x 374 (5th Cir. 2016) (per curiam); *United States v. Ritchey*, No. 1:21-CR-6, 2022 WL 2980698, at *10 (S.D. Miss. July 27, 2022) (denying hearing where no factual dispute involved in whether recordings violated defendant's Sixth Amendment right).